ADAM S. MILLS AND OTHERS, PLAINTIFFS IN ERROR, *v.* WILLIAM G. BROWN AND OTHERS, AND THE COUNTY OF ST. CLAIR, DEFENDANTS IN ERROR.

The Supreme Court has not jurisdiction on a writ of error to the Supreme Court of a state, in which the judgment of the Court was not, necessarily, given on a point which was presented in the case involving the constitutionality of an act of the legislature of the state of Illinois asserted to violate a contract.

The Supreme Court will not when requested by the counsel for plaintiffs and defendants in error, in a case in which it has not jurisdiction to affirm or reverse the judgment of the Court from which the same has been brought by a writ of error to a State Court, examine into the questions in the case and decide upon them. Consent will not give jurisdiction. When the act of Congress has so carefully and cautiously restricted the jurisdiction conferred upon this Court, over the judgments and decrees of the state tribunals, the Court will not exercise jurisdiction in a different spirit.

IN error to the Supreme Court of the state of Illinois.

The plaintiffs in error instituted a suit in the Circuit Court of the state of Illinois, claiming, by a bill filed in that Court to hold under an act of the legislature of Illinois, an exclusive right to erect a ferry on the Mississippi river, from land owned by them, to the city of St. Louis, Missouri. The defendants in the suit denied the right thus set up, and claimed the right to set up another ferry, from Illinois to St. Louis, under other acts of the legislature of Illinois. The case was, after a decree of the Circuit Court in favour of the defendants, carried by the plaintiff by appeal to the Supreme Court of the state, where the judgment in favour of the defendants was affirmed. The plaintiffs prosecuted this writ of error, on the ground that the act of the legislature of Illinois, passed subsequent to the act which had authorized the plaintiffs to erect their ferry, was a violation of the contract made with the plaintiffs by the act of assembly.

The decision of the Supreme Court of Illinois, which was in favour of the defendants, was given upon other questions presented in the case, besides the questions on the contract made by the first act of the assembly of Illinois.

The counsel for the plaintiffs in error proposed to the Court

that a decision upon the whole merits of the case should be made, although it might be considered that the Court had jurisdiction of the case on the writ of error; the questions in the case being of great importance, and the parties being willing and desirous to have them decided by this Court.

The case was argued by Mr. Bogy and Mr. Jones, for the plaintiffs in error; and by Mr. Key and Mr. Reynolds, for the defendants.

Mr. Chief Justice TANEY delivered the opinion of the Court.

This case is brought here by writ of error to the Supreme Court of Illinois under the twenty-fifth section of the act of 1789.

It appears that the legislature of Illinois, by a law passed March 2, 1819, granted to a certain S. Wiggins, his heirs and assigns, the right to establish a ferry, upon his own lands, across the Mississippi, near the town of Illinois.

By a subsequent act of March 2, 1839, the legislature of Illinois granted to the county of St. Clair, in that state, and to certain commissioners in behalf of the county, the right to locate a road and ferry landing between Cahokie creek and the Mississippi river, opposite to St. Louis.  And the commissioners appointed by this law proceeded to lay out the road and establish the landing on certain lands which belonged to the plaintiffs in error; and to which, by sundry conveyances, they derived title from the said Wiggins.

The plaintiffs in error thereupon filed their bill in the Circuit Court of the state, praying that the county of St. Clair and the said commissioners should be enjoined from further proceedings under the act of assembly last above mentioned.  The respondents, the present defendants in error, appeared and demurred generally to the bill; and upon final hearing of the cause, the demurrer was sustained by the Circuit Court, and the bill dismissed.  From this decision the complainants appealed to the Supreme Court of the state where the decree of the Circuit Court was affirmed.  The points proposed to be raised here, are, 1st, Whether the act of assembly of 1819, was not a contract with the said Wiggins, his heirs and assigns; and, 2d, Whether the act of 1839 does not impair the contract.

These points are not directly stated in the pleadings, nor are they noticed in the decree of the Circuit or Supreme Court of the state. Yet if it appeared from the bill, that the Court could not have sustained the demurrer without considering and deciding these points; if they were necessarily involved in the decision of the case, as presented by the bill and demurrer, this Court would nave jurisdiction upon the writ of error, although they are not expressly stated in the decrees to have been raised and decided.

It is unnecessary for the purposes of this opinion to state the contents of the bill. Indeed, as concerns the question before us, it could not well be understood without giving the whole bill in its own words. It is sufficient to say that we have carefully examined it, and are satisfied that the points proposed to be raised here, were not necessarily involved in the judgment given by the State Court. On the contrary, we think it may have come to the conclusion that the demurrer ought to be sustained on other grounds, and that the bill was not so framed as to require a decision upon these questions.

It is true that the plaintiffs and defendants in error have both waived all objections to jurisdiction, and have pressed the Court for a decision on the principal points. But consent will not give jurisdiction. And we have heretofore, on several occasions, said, that when the act of Congress has so carefully and cautiously restricted the jurisdiction conferred upon this Court, over the judgments and decrees of the state tribunals, it would ill become the Court to exercise it in a different spirit. And it certainly could not be justified in expressing an opinion favourable or unfavourable as to the correctness of this decree, when it has not the power to affirm or reverse it.

The writ of error must therefore be dismissed.