Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 ' The appellees in this case filed a petition in the District Court of the United States for the eastern district of Missouri, stating that they had, by the laws of Missouri, a lien on the steamboat Republic for $2.000, which they had loaned to the clerk of the. boat to purchase supplies and necessaries, in order to enable her to proceed on a voyage from St. Louis to New Orleans,; that the vessel, at the time the petition was filed,'was under seizure in the district, in a case of admiralty and maritime jurisdiction, and had been ordered by the court to be sold; and the petitioners prayed that they might be permitted to in- , tervene for their interest, and paid out of the proceeds when the steamboat Was sold.
 

 The appellants answered, stating that' they were owners of '
 
 *387
 
 seven-eighths of the vessel, and denying that' the money was needed or used for supplies; and insisting that the boat is not liable for it, and that it is not a lien, by the laws of Missouri.
 

 The petition was filed on the 3d of June, 1857, and the vessel, it appears, was sold by the marshal, upon the seizure mentioned in the petition, and the sale reported’and the proceeds paid into the registry of the court on the 23d of the same month. The proceeds amounted to $26,250. Further proceedings were had on the petition of the appellees, and testimony taken; and on the 7th of September, in the same year, the District Court decreed that the sum claimed by the petitioner was due, with interest,and costs, and a lien on the Republic, and referred the matter to the commissioner of the court to compute and! report the amount due.
 

 The commissioner accordingly made his report, stating the amount due, for principal and interest on the sum loaned, to be $2,034. This report was confirmed by, the court; and thereupon the court passed a decree, adjudging that there was due from the fund then in court, to the petitioners, the sum of $2,034, and to bear interest from that day; but that, inasmuch as some of the causes against the Republic had not then been determined, and the fund in court might- not be sufficient to satisfy all of the claims that might be established against the vessel,.ho order for the payment of the money would be made by the court until it should be further advised in the premises.
 

 The present appellants thereupon prayed an appeal to the Circuit Court for the district of Missouri, which was granted; and further proceedings took place in the Circuit Court, and further testimony was taken. And, at the October term, 1857, the decree of. the District Court was affirmed, and the case remanded to the District Court to carry out this decree; and from this decree the appellants prayed an appeal to this court.
 

 This is substantially the case, as it appears on the transcript from the Circuit Court. We do not now speak of the admiS*sions filed here, which we shall presently notice. But, upon the transcript itself, it appears that there was no final decree in the District Court, upon which an appeal would lie to the Circuit Court. • No final disposition of the fund in the registry.
 
 *388
 
 Indeed, it was not final even as to the amount' in controversy between these parties; for the amount to be awarded to the appellees was made to depend upon the amount of other claims upon the fund, which were then depending before the District Court. And, under the act of Congress, no appeal would lie from th.e District to the Circuit Court until there was a final decree upon the whole case — that is, not until all the claims on the money in the registry had been ascertained and adjusted, and the "whole amount of the proceeds of the sale of the vessel distributed, by the decree, among the parties which the District Court deemed to be entitled, according to their respective priorities and rights.
 

 The Circuit Court, therefore, had no jurisdiction of the case, as it came before them; and their judgment, affirming the decree, was erroneous oh that ground. The appeal ought to have been dismissed for want of jurisdiction. This point was directly decided in this court, in the case of Mordecai and others
 
 v.
 
 Lindsay and others, (19 How., 200.)
 

 But if the appeal had been regularly before the Circuit. Court, it was not authorized to remand the case to the District Court, to carry into execution its decisions. The appeal carries up the
 
 res,
 
 or money in the registry, of the District Court, to "the Circuit Court; and'when the rights of the parties are adjudicated there, the court must carry into execution its own decree.
 

 In order to cure these defects in the record, an agreement has-been filed in this court, in which they admit that the whole fund has been finally disposed of by the Circuit Court among the claimants, with the exception of the sum in controversy between these parties.' And they move to amend the record here according to this agreement.
 

 But, in the case of Mordecai and others
 
 v.
 
 Lindsay and others, above referred to, a similar motion was made to amend the record here, upon a like agreement. But the court decided that, as the defect of jurisdiction in the Circuit Court appeared upon the transcript, it could not be cured by an amendment in this court, because consent cannot give jurisdiction, nor legalize jurisdiction exercised without the authority at law. The rule, laid down in that case must govern this.
 

 
 *389
 
 The decree of the Circuit Court must therefore be reversed, and the case remanded to. the court, with directions to dismiss the appeal for want of jurisdiction. The District Court can then proceed to pass a final decreé, if that has not been already done; and from that decree any party who may think himself aggrieved may appeal to the Circuit Court, and from the final, decree of that court to this,, where the sum in controversy is large enough to give jurisdiction to the respective courts upon such appeals.
 

 This view of the subject makes it unnecessary to examine whether the amount in controversy between the parties in this appeal is over $2,000; for their respective rights have not been judicially decided upon in thé Circuit Court, for want of jurisdiction, as above stated, when it acted upon the .controversy.