Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 After a very careful examination of the record of the case, we are unable to discover that either the validity of the Constitution of the State of Iowa, or the clauses of the Constitution of the United States mentioned in the certificate, are involved in that record, or were decided by the court. It is probable that counsel, in the argument of the case in the Supreme Court of Iowa, insisted that these matters were involved, and that the chief justice felt bound to certify, when requested, that they wore drawn in question. Rut if the record does not show that they were necessarily drawn in question, this court cannot take jurisdiction to reverse the decision of the highest court of a State, upon the ground that counsel brought them in question in argument.
 

 In
 
 Lawter
 
 v.
 
 Walker,
 

 *
 

 a case was brought here on a certificate from the State court. It was dismissed for want of jurisdiction. The court said: “The twenty-fifth section of the Judiciary Act requires something more definite than such, a certificate to give to this court jurisdiction. The conflict of the State law with the Constitution of the United States, and a decision by a State court in favor of its validity, must appear on the face of the record before it can be re-examined in this court. It must appear in the pleadings of the suit, or from the evidence in the course of the trial, in the instructions asked for, or from exceptions taken to the ruling of the court. It must be that such a question was necessarily involved in the decision, and that the State court would not have given judgment without deciding it.” To the same effect is the case of
 
 Mills
 
 v.
 
 Brown.
 

 †
 

 The bill of complainant claims relief on two grounds:
 

 1. That the county judge disregarded the requirements of the statute, in the submission to the vote of the people of the question of issuing the bonds.
 

 
 *181
 
 2. That the county judge and the Railroad Company, to whom they were first issued, were guilty of fraud in the issue of the bonds.
 

 The court may have held the bonds void on the latter ground, and may have based its decree on that allegation. If so, there can be no pretence that such a ground involves any question of the Constitution of the United States or of the State of Iowa.
 

 In the argument of counsel before us, no attempt is made to show that any provision of the Constitution of the State of Iowa conflicts in any way with the Constitution of the United States. The whole case, in the language of the brief, is put upon the ground that the “ Supreme Court of Iowa has made a decision in this case which impairs the obligation of contractsand the argument goes upon the fundamental error that this court can, as an appellate tribunal, reverse the decision- of a State court, because that court may hold a contract to be void which this court might hold to be valid-. If this were the law, every case of a contract held by the State court not to be binding, for any cause whatever, can be brought to this court for review, and we should thus become the court of final resort in all cases of contract, where the decisions of State courts were against the validity of the contracts set up in those courts.
 

 This, obviously, was not the purpose of the Judiciary Act. It must be ¿he Constitution, or some law of the State, which impairs the obligation of the contract, or which is otherwise in conflict with the Constitution of the United States; and the decision of the State court must sustain the law or Constitution of the State in the matter in which the conflict is supposed to exist, or the case for this court does not arise, ilo such thing appears in the case before us, which is the case of a citizen of Iowa, suing a corporation of Iowa, in the Iowa courts, their rights being determined either upon a construction of local law in no way in conflict with the Redera! Constitution, or else upon a simple question of fraud.
 

 The writ of error must be
 

 Dismissed.
 

 *
 

 14 Howard, 149.
 

 †
 

 16 Peters, 525.