144 U.S. 210
 12 S.Ct. 838
 36 L.Ed. 407
 STATE ex rel. QUINCY, M. & P. R. CO.
v.
HARRIS et al., Judges.
 April 4, 1892.
 
 Proceeding on mandamus, brought in the circuit court of Sullivan county, Mo., by the state, upon the relation of the Quincy, Missouri & Pacific Railroad Company, against Anderson W. Harris, George T. Todd, and Thomas Montgomery, as judges of the county court of Sullivan county, to compel them to issue $80,000 of bonds to the said railroad company. Judgment for defendants, which was affirmed in the state supreme court. 8 S. W. Rep. 794. Plaintiff brings error. Dismissed.
 It appeared that a special election had been held, under the provisions of the Missouriconstitution of 1865, and Gen. St. 1865, p. 338, § 17, which authorize counties to subscribe for railroad stock upon two thirds of the qualified voters of the county voting therefor; that 1,049 votes were cast in favor of the proposed subscription, and 257 votes against it; that thereupon the county court made an order that the proposition to subscribe had carried; and that afterwards, in pursuance of an order of such court, the ex officio president thereof made a formal entry of such subscription on the books of the company. At the trial the voter's registration book of the county was received in evidence against plaintiff's objection, and it was afterwards admitted that it contained the names of 1,940 qualified voters. The following extract from the opinion of the state supreme court shows the grounds of its decision: 'The controlling question arising on the record is as to the propriety of the action of the trial court in admitting in evidence the said registration books. The objection to their admission was based mainly on the ground that after the election of February 22, 1870, the county court held that two thirds of the qualified voters voting at said election had voted in favor of the subscription, and directed the subscription to be made, which was thereafter made. It is established law in this state that county courts are only the agents of the county, with no powers except what are granted, defined, and limited by law; and, like all other agents, they must pursue their authority, and act within the scope of their powers. Wolcott v. Lawrence Co., 26 Mo. 272; Book v. Earl, 87 Mo. 246; Sturgeon v. Hampton, 88 Mo. 203. The power of the county court to subscribe to the stock of a railroad company was made by the constitution of 1865, and section 17, Gen. St. 1865, p 338, to depend upon the fact that two thirds of the qualified voters of the county, at a regular or special election held therein, should assent thereto. In the case of State v. Bransfield, 67 Mo. 331, this statutory provision, and the provision of the constitution of 1865 which gave origin to the statute, for the first time came before this court for construction, and it is there distinctly held that, under these provisions, the fact that a majority of voters voting at an election held for the purpose of determining whether or not a subscription should be made to the stock of a railroad company voted in favor of the subscription, was not sufficient to confer upon the county court the power to subscribe; but that, in order to the exercise of the power, it must appear that two thirds of the qualified voters assented to the subscription by voting in favor of it, and that the mere inaction of such voters, by failing to vote, did not express such assent, within the meaning of section 14, art. 11, Const. 1865. So it was also held in the case of Webb v. Lafayette Co., 67 Mo. 353; Ranney v. Baeder, Id. 476; State v. Walker, 85 Mo. 41. It is also held in the cases of State v. Bransfield, supra, and Ranney v. Baeder, supra, that the registration books may be properly received in evidence for the purpose of establishing the number of qualified voters in the determination of the question whether or not, at the election, two thirds of the qualified voters, as ascertained by the registration, assented to the subscription by voting for it. Taking, in this case, the admission that the registration books offered in evidence contained the names of 1,940 persons as qualified to vote in said county at said election, it is evident that two thirds of the qualified voters of the county of Sullivan did not assent to said subscription, as only 1,049 of said voters voted in favor of the subscription. Besides this, while there was evidence tending to show that the railroad company has complied with the conditions of the subscription, there was also evidence to show that it had not complied, and the trial court might, on this ground, have well denied the relief asked. The judgment, for the reasons given, is hereby affirmed.'
 John P. Butler, for plaintiff in error.
 A. W. Mullins, for defendants in error.
 Mr. CHIEF JUSTICE FULLER.
 
 
 1
 The writ of error is dismissed because no federal question is involved, upon the authority, among other cases, of Railroad Co. v. Rock, 4 Wall. 177, 181; Water Co. v. Easton, 121 U. S. 388, 7 Sup. Ct. Rep. 916; New Orleans Water Works Co. v. Louisiana Sugar Refining Co., 125 U. S. 30, 8 Sup. Ct. Rep. 741; and St. Paul, M. & M. Ry. Co. v. Todd Co., 142 U. S. 282, 12 Sup. Ct. Rep. 281.
 
 
 2
 Writ of error dismissed.