## HANFORD v. DAVIES et al.

*(Circuit Court, D. Washington, N. D.   June 7, 1892.)*

No. 89.

**1. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS.**
    The prohibition of the constitution of the United States against the enactment of state laws that shall impair the obligation of contracts applies only to the adoption of a constitution, or the enactment or adoption of a statute, or the exercise of some form of legislative power subsequent in time to the contract.

**2. SAME.**
    Where the land of F. was sold for unpaid taxes, and a tax deed was executed therefor, and the same land was subsequently sold at probate sale as the property of F. in administering upon his estate, *held*, that the obligation of the contract of the owner of the tax deed was not impaired by the probate sale within the prohibition of the constitution.

*(Syllabus by the Court.)*

In Equity on Demurrer to the Bill.
*Howe & Corson*, for complainant.
*Junius Rochester*, for defendants.

GILBERT, Circuit Judge.   The complainant brings suit, alleging in his bill, in substance, that in October, 1878, his grantor acquired from the territory of Washington a tax title to certain land in King county, sold for unpaid taxes as the property of one Lumley Franklin; that possession was taken by complainant's grantor under said tax deed, and maintained until the conveyance of the property to complainant in September, 1885, since which time he has been in possession and made valuable improvements; that on August 8, 1887, by order of the probate court of King county, an administrator of the estate of said Franklin, then deceased, was appointed, and thereafter, upon petition of the administrator and under the order of the said court the land in question was sold as the property of said decedent, and to pay a tax claimed by the territory to be due from said Franklin; that said sale was made in violation of the contract whereby the territory sold said land to complainant's grantor for unpaid taxes; that one of the defendants became the purchaser of said property at the probate sale, and a deed was made to him in violation of the obligation of said first contract with complainant's grantor, and in violation of article 1, § 10, of the constitution of the United States, and of sections 1851 and 1891, Rev. St. U. S., which make the provisions of the constitution applicable to the territories; that by the law in force at the time complainant's tax deed was acquired the tax deed was made presumptive evidence of the regularity of all former proceedings, and suit for the recovery of the property was prohibited after the expiration of three years from the date of recording of the deed, except in cases where the tax had been paid and the land redeemed; that the defendants had notice of the complainant's right, and their administrator's deed was procured in pursuance of a conspiracy to deprive him of said property, and said property is worth $8,000.   The prayer of the bill is that the

administrator's deed be declared invalid, and that the defendants be enjoined from asserting any claim to said premises.

A demurrer to the bill raises the question of the jurisdiction of this court. The only ground of jurisdiction claimed by the complainant is the federal question involved in the allegation of the bill that the probate proceedings, sale, and conveyance are in violation of article 1, § 10, of the constitution of the United States.

That provision of the constitution inhibits the enactment of state laws that shall impair the obligation of contracts. It protects the obligation of contracts only so far as it may be affected by legislation. The limit of the protection of the constitution is well defined by Mr. Justice GRAY as follows:

"In order to come within the provision of the constitution of the United States which declares that no state shall pass any law impairing the obligation of contracts, not only must the obligation of a contract have been impaired, but it must have been impaired by a law of the state. The prohibition is aimed at the legislative powers of the state, and not at the decisions of its courts, or the acts of administrative boards or officers." *New Orleans Waterworks Co.* v. *Louisiana Sugar Refining Co.*, 125 U. S. 18, 30, 8 Sup. Ct. Rep. 741.

In *Railroad Co.* v. *Rock*, 4 Wall. 177, Mr. Justice MILLER said:

"It must be the constitution or some law of the state which impairs the obligation of the contract, or which is otherwise in conflict with the constitution of the United States; and the decision of the state court must sustain the law or constitution of the state in the matter in which the conflict is supposed to exist, or the case for this court does not arise."

While there has been no deviation by the supreme court from the doctrine of these cases, it has been held that the legislation prohibited by the constitution need not be in the form of a statute enacted by the legislature or a constitution adopted by the people. It may be the exercise of legislative power delegated by the legislature to a municipal corporation, (*U. S.* v. *New Orleans*, 98 U. S. 381,) and it may apply to an enactment, from whatever source derived, to which the state gives the force of law, (*Williams* v. *Bruffy*, 96 U. S. 176.) The bill in this case refers to no law enacted or enforced by the territory of Washington that comes within the prohibition of the constitution. Complaint is made, not of the laws, but of the action of the probate court, the administrator, and the defendants. The allegations are that the impairment of complainant's contract occurred through the wrongful or erroneous administration of laws that are not alleged to be unconstitutional. The probate sale, it is true, was made to pay a tax. The assessment of a tax is a legislative act, and it has been held that the provision of the constitution under consideration is a limitation upon the taxing power of the state. *Murray* v. *Charleston*, 96 U. S. 432, but there is no allegation in this bill that the assessment for the payment of which the probate sale was made was levied in violation of the obligation of the complainant's contract, or that it was subsequent in point of time. The case of *Wright* v. *Nagle*, 101 U. S. 791, relied upon by counsel for complainant, is not perceived to be in conflict with the decisions above cited. In that case the inferior court of Floyd county, Ga., had granted the plaintiff the exclusive right to

open ferries and build bridges over certain rivers. Subsequently the commissioners of roads and revenues for the county authorized the defendant to erect and maintain a bridge within the limits of the original grant. The bill expressly alleged that the board in granting the franchise exercised legislative powers conferred upon it by the laws of the state, and that the grant was in the nature of a statute of the legislature. The court held that the question whether the subsequent action of the commissioners was in its legal effect equivalent to a law of the state impairing the obligation of the contract was a federal question that gave jurisdiction.

The demurrer is sustained.