## HEADRICK et al. v. LARSON et al.

### (Circuit Court of Appeals, Ninth Circuit. February 11, 1907.)

### No. 1,249.

**1. APPEAL—SCOPE OF REVIEW—STIPULATIONS.**

Certain proceedings relating to the condemnation of a mining tunnel were not consolidated in the trial court, but, on appeal from an order sustaining a demurrer to the bill in one of the cases, a stipulation was entered into for the consolidation of all of the proceedings and for the submission to the Court of Appeals of the questions involved therein. This stipulation was not signed by the counsel who appeared for appellees on the appeal, and they objected to the court's jurisdiction to review any question not directly involved in the appeal. *Held*, that such objection was rightfully made, and that the court's jurisdiction was confined to a review of errors committed in the case brought up by the appeal.

**2. EQUITY—MULTIPLICITY OF SUITS—JURISDICTION.**

Complainants cannot maintain a separate suit in equity for the sole purpose of preventing a multiplicity of their own suits, which are still pending.

**3. EMINENT DOMAIN—TUNNEL RIGHTS—MINES—TITLE AND RIGHTS ACQUIRED.**

Rev. St. Idaho 1887, § 5212, provides that property appropriated to public use shall not be taken unless for a more necessary public use than that to which it has already been appropriated. *Held*, that where defendants acquired a right to drive a tunnel through complainants' mining claims, which divided complainants' veins, complainants did not thereby acquire the right to use such tunnel to work their veins, on the theory that defendants' condemnation had been made for a public use; there being neither allegation nor proof of necessity for such common use, nor that complainants could not proceed to condemn a right of way for a tunnel to be used for their own purposes.

[Ed. Note.—Nature of estate or interest acquired in condemnation proceedings, see note to Newton v. Manufacturers' Ry. Co., 53 C. C. A. 604.]

Appeal from the Circuit Court of the United States for the Northern Division of the District of Idaho.

The appellants, as complainants, filed a bill in equity against the appellees alleging that the appellants were the owners of the Hawk Eye lode mining claim, the Black Hawk lode mining claim, the Black Hawk Fraction lode mining claim and the Alvy lode mining claim, by patents from the United States. That in each of said claims there is the apex of a vein of mineral-bearing rock in place which extends on its downward course to a depth of more than 1,700 feet. That by reason of the conformation of the surface of the mountain whereon said claims are situated and the existence of the patented mining claims of the appellees and other valid mining claims on either side, every approach to the property of the appellants is cut off, so that it is impossible through the means of any tunnel which they might desire to run, to reasonably and economically reach the ores in their said claims. That the appellees have constructed a tunnel which is so run as to penetrate the Black Hawk mining claim and pass through the same to other claims owned by the appellants. That said tunnel has encountered and passed through, at a depth below the surface of about 1,700 feet, a ledge of mineral-bearing rock in place, the apex of which lies within the Black Hawk claim. That it is practicable now to enter upon the work of developing said ledge at the point where the same is intersected by the tunnel, through and by means of said tunnel, without interfering in an unreasonable degree or manner with the work of the appellees in said tunnel, or with their use thereof. That, after passing through the Black Hawk claim, the tunnel entered the Alvy claim at a depth

of 1,750 feet below the surface, and there encountered a ledge, which apexes within said Alvy claim, which is about 15 feet wide and contains silver, lead, iron, and other valuable substances. That it is practicable to enter upon the work of developing the ledge at such point of intersection by means of said tunnel without interfering in an unreasonable degree with the work of the appellees. That said Black Hawk and Alvy claims have, and will have, great value because of their production of ores and metals, thereby contributing to the development of the mineral resources of the United States and of the state of Idaho, and that such work will constitute a public benefit and public use. That the appellees are constructing said tunnel on the ground that it will enable them to develop and operate their claims and will be a public use for and on behalf of which they may exercise the right of eminent domain. That in pursuance thereof they "are now proceeding in this court in the suit No. 346 of Peter Larson and Thomas L. Greenough v. A. A. Headrick and Charles M. Baillie to condemn a right of way through the Black Hawk and Alvy mining claims," claiming in their complaint that such use is a public use for which they may condemn such right of way. That the court has made an order declaring the taking to be for public use, and has appointed commissioners to assess damages resulting therefrom. That thereafter, on May 13, 1905, the appellants commenced in the same court a suit against the appellees to enjoin the construction of said tunnel through the appellants' ground; that thereafter the court denied their application for a temporary injunction and sustained the right of the appellees to construct and use said tunnel under their condemnation proceedings. That said court having overruled the appellants' demurrer to the complaint in the condemnation suit, and having refused to grant the appellants protection against the trespass of the appellees, the appellants bring the present suit for the purpose of obtaining, through a decree of the court, the right to proceed in the use of the tunnel for the purpose of developing and mining their ledges intersected by the same, provided such taking by the appellees is lawful. That the tunnel is of sufficient size to render its use by the appellants in conjunction with the appellees entirely practicable, and that such use is a reasonable use, and would constitute the participation in a public use which would develop the mineral resources of the United States and of Idaho. That said ledges are of great width and value and cannot be successfully, completely, or profitably worked, prospected, or developed at the depth of said tunnel by any other means than by said tunnel, and that there exists a necessity for the appropriation by the appellants of the joint use of said tunnel. That they have made application for a reasonable joint use of said tunnel, but their application has been rejected by the appellees. That, before filing their bill, the appellants tendered to the appellees the sum of $500 as compensation for any damages resulting from the granting of such right of common use.

The bill then prays for the consolidation of the action and the suits involving the right to use said tunnel and the right to condemn a right of way for its construction, alleges that the appellants are either entitled to a joint user of said tunnel or to a decree adjudging that said tunnel is not for a public use, and prays that the appellees be enjoined from appropriating their property therefor, and offers on behalf of the appellants to do and abide by such terms and conditions in regard to sharing in the said public use of the tunnel for the purpose of mining and operating their mining claims as may seem equitable and just in the way of compensation, restrictions, and regulations to be fixed and determined by the court.

The appellees interposed a demurrer to the bill on the grounds: First, for want of equity; second, for want of jurisdiction; and third, that there is another action pending in the same court, between the same parties for the same cause. The court sustained the demurrer, and, the appellants electing to stand upon their bill, a decree was entered dismissing the same. After the appeal was taken, the parties thereto on October 24, 1905, filed in this court a stipulation reciting, in substance, that there were pending in the court below, in addition to the present case, three other actions between the same parties, namely, cause No. 343, an action of ejectment brought by the appellants herein against the appellees; cause No. 344, the suit for an injunction

referred to in the bill in the present case; and cause No. 346, the condemnation suit brought by the appellees against the appellants, which is referred to in the bill. That said suits involve, in substance, the issues which are presented in the bill in the present suit, and that the appellants submit to this court the pleadings in the said several suits, together with the pleadings in this suit, to the end that this court may determine the propriety of consolidating said actions for the purpose of determining the several issues common thereto, and thus avoid a multiplicity of suits. The stipulation recites that: Whereas, in the bill in the present case it is stated that the court below held in said case No. 346 that the appellees might be given the exclusive use of the tunnel and the right of way therein, which was sought to be condemned for public use, and thus disregarded the rights of the appellants under the fifth and fourteenth amendments to the Constitution of the United States; and that, whereas, said suit 346 involves the right of the appellees to condemn for their exclusive use a right of way through the appellants' mining claims, and said suit has been continued in the court below to await the decision of this court as to the right of the said appellees to thus exercise the right of public domain; that, whereas, the pleadings and issues upon the present appeal present the question of the right of the appellees to condemn said right of way, notwithstanding said question is pending in said suit No. 346: "Now, therefore, it is hereby stipulated and agreed by and between the respective parties, acting through their respective counsel, that the United States Circuit Court of Appeals for the Ninth Circuit, having jurisdiction of this cause on appeal in the case No. 1,249, may take under consideration and determine upon the appeal in this cause the right of the appellees in this cause, who are the plaintiffs in said suit No. 346, * * * to condemn a right of way for their said tunnel No. 6 through the said Black Hawk and Alvy mining claims, as the right so to do is claimed in their complaint in said suit No. 346, so pending as aforesaid, notwithstanding any objection that may be raised or urged against the consideration and determination of said action by reason of the pending of the said cause No. 346, or by reason of the demurrer to the bill on the ground of a prior action pending."

The stipulation further provided that the records in said cause so referred to be filed as an additional transcript on the appeal, and that the stipulation was made in consideration of the postponement of the trial of said cause No. 346, which postponement was requested by the appellees. "The object and purpose of this stipulation is that, notwithstanding the record or any objections that may be urged upon said record to the consideration and determination by this court of the question of the right of the appellees to condemn their right of way as by them claimed in their complaint in said cause No. 346, such question may be determined and adjudicated as a part of and in connection with the determination of the appeal in this case in this court."

See, 138 Fed. 177.

W. B. Heyburn and W. H. Batting, for appellants.

John P. Gray, F. T. Post, Walter A. Jones, and George Turner, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The bill is so framed as to present two questions: First, whether the appellees could lawfully condemn the right of way for a tunnel; and, second, whether, sustaining such right, the appellants can be decreed to have the use of the tunnel in common with the appellees. The bill shows that the first of the questions had been decided in the affirmative by the court below in two causes pending therein, one the action to condemn the right of way, and the other a suit in equity brought by the appellants to enjoin the appellees from extending the

tunnel through their mining property. One of the grounds of the demurrer to the bill in the present case was the pendency of these prior causes and the decisions therein rendered. The judgment on the demurrer specifies no particular ground on which it was sustained in the court below. It may be assumed that it was sustained on the ground just indicated, as well as for want of equity. The stipulation for the consolidation of all these proceedings and for the submission to this court of the questions involved therein is filed in this court. There was no stipulation in the court below, nor were the causes there consolidated. The jurisdiction of this court is confined to the review of error committed in the court below in the cause which is brought before us upon appeal. It does not extend to errors committed in other causes. The counsel who appear for the appellees in this court were not the counsel who signed the stipulation, and they now object to the jurisdiction of this court to review any question which is not directly involved in this appeal. This they have the right to do. It is not alleged in the bill, nor is it contended, that the appellants cannot obtain as full, complete, and adequate relief as to the appellees' assertion of right to condemn the right of way for a tunnel in the prior causes so pending as they could in this. It is sought to maintain the present suit, so far as it concerns the matters involved in the prior suits, on the equitable ground of the prevention of a multiplicity of suits; but it is obvious that the appellants cannot maintain a separate suit for the sole purpose of preventing a multiplicity of their own suits, suits which they have brought and which are still pending. The parties cannot by their stipulation inject into the present appeal matters not determined in the cause in which the decree which is appealed from was rendered, or give to this court jurisdiction to consider the same. Hoe v. Wilson, 9 Wall. 501, 19 L. Ed. 762; Washington County v. Durant, 131 U. S. Append. lxxx; Montgomery et al. v. Anderson et al., 21 How. 386, 16 L. Ed. 160; Mills v. Brown, 16 Pet. 525, 10 L. Ed. 1055; South Carolina v. Wesley, 155 U. S. 542, 15 Sup. Ct. 230, 39 L. Ed. 254.

The bill alleges that the tunnel has been constructed from the place of its outlet to and through the mining claims of the appellants. Assuming, as we must on this appeal, but not deciding, that the appellees were authorized to condemn the right of way for that tunnel, the single question presented for our decision is whether or not the appellants can be decreed to have a use thereof in common with the appellees. The appellants contend that the right to such common use is implied in the very fact that the right of way for the tunnel has been condemned by judicial proceedings in the exercise of eminent domain, and that such right of way can have been condemned only for a public use. They cite Clark v. Nash, 198 U. S. 361, 25 Sup. Ct. 676, 49 L. Ed. 1085, as authority for that contention. That was a case in which it was sought to condemn a right of way, so-called, by enlarging a ditch which had been made to convey water across the land of the defendant under a statute of the state of Utah, permitting condemnation by an individual for the purpose of obtaining water for his land or for mining purposes. The court sustained the right, in view of special conditions obtaining in the state of Utah as to agricultural and mining industries, and held that a statute of that state permitting an

individual to enlarge the ditch of another, and thereby obtain water for his own land, is within the legislative power of the state, and does not violate any provision of the federal Constitution. Said the court:

"We simply say that in this particular case, and upon the facts stated in the findings of the court, and having reference to the conditions already stated, we are of opinion that the use is a public one, although the taking of the right of way is for the purpose simply of thereby obtaining the water for an individual where it is absolutely necessary to enable him to make any use whatever of his land, and which will be valuable and fertile only if water can be obtained. Other landowners adjoining the defendant in error, if any there are, might share in the use of the water by themselves taking the same proceedings to obtain it."

In Strickley v. Highland Boy Min. Co., 200 U. S. 527, 26 Sup. Ct. 301, 50 L. Ed. 581, the court said of the decision in Clark v. Nash:

"In discussing what constitutes a public use, it recognized the inadequacy of use by the general public as a universal test."

If the appellants were here seeking to condemn a right of way to widen the tunnel of the appellees, and showing a necessity therefor for the purpose of laying their own tracks in the widened portion thereof for working their mines and extracting ores from their subterranean ledges, the doctrine of Clark v. Nash would be pertinent; but the purpose of the bill is to obtain the right to use a tunnel which has been made by the appellees at their own expense for their own purposes, with track and facilities, it may be assumed, no more than sufficient for their own use. We find no statutory authority, no precedent, and no recognized principle of law or of equity upon which to base such a right. In section 257a, of Lewis on Eminent Domain, it is said:

"It would seem clear that, under the general rule already stated, nothing but an express authority or absolute necessity created by the Legislature itself could justify one railroad company in taking the tracks of another company, or even the joint use of such tracks."

There is no legislative provision in Idaho which authorizes the granting to one of the right to use a tunnel acquired by another under condemnation proceedings. Section 5212 of the Revised Statutes of 1887 of that state provides that property appropriated to public use "shall not be taken unless for a more necessary public use than that to which it has already been appropriated."

But the present suit is not a suit to condemn a right of way over the tunnel. It is a suit in equity to compel the joint use of a right of way already condemned by another, and to obtain the right to participate in the benefits thereof, on the theory that the condemnation has been made for a public use, and that the appellants are members of the public for whom such condemnation has been adjudged. There is no allegation showing the necessity for such common use, and nothing to show that the appellants cannot proceed and condemn a right of way for a tunnel, as was done by the appellees.

The decree of the Circuit Court is affirmed.