# UNIVERSAL FILM COMPANY

*v.*

## JOSÉ E. BENEDICTO, Treasurer of Porto Rico.

San Juan, Equity, No. 1031.

INJUNCTION AGAINST TAXES.

Void Law—Sovereign.

    1. Where the theory of the bill is that a law is void it is not necessary to make the state a party.

Payment of Taxes—Moot Question.

    2. Where taxes have already been paid under protest and proceedings begun therefor at law, a court of equity will not decide a moot question as to their validity.

Multiplicity of Suits—Plaintiff.

    3. The question of multiplicity of suits relates to those against the plaintiff, and not to those which he may bring.

Opinion filed December 22, 1919.

*Mr. H. G. Molina* for plaintiff.

*Messrs. Salvador Mestre* and *Edmond Block* for defendant.

HAMILTON, Judge, delivered the following opinion:

The bill in this case was filed August 13, 1919, alleging that the plaintiff manufactures in the United States and rents in Porto Rico cinematograph films, which are used in Porto Rico, and that by an act of the legislature of Porto Rico approved

June 15, 1919, entitled: "An Act to Provide Revenues for the People of Porto Rico by Levying Certain Excise and License Taxes for the Practice of Certain Professions, Industries or Businesses; to Regulate the Manufacture, Use and Sale of Alcoholic Preparations; to Impose Certain Penalties; to Repeal the Excise and License Tax Laws Now in Force, and for Other Purposes," it was provided in § 18 that "on all cinematographic films produced, manufactured, introduced or brought into Porto Rico a tax of two (2) cents on each lineal foot" should be paid, to be collected under § 31 "before such articles leave the custody of the owner or agent of the vessel in which such articles are brought." The bill alleges that this tax is an obstruction of Interstate Commerce, violates the Organic Act of Porto Rico, and is a tax or duty on imports. The plaintiff has paid certain taxes under protest, and sued to recover the amounts paid, but an allegation that he would continue to do so has been struck out.

To this the defendant files on November 26, 1919, a special appearance, with a motion to quash and dismiss because the people of Porto Rico are not made a party, and on the same day a motion to dismiss because the people of Porto Rico and the Porto Rico Express Company are necessary parties, and that the facts set up do not show the plaintiff is entitled to relief in equity. Under the view taken of the case a fuller statement of facts is unnecessary.

1. It does not appear that the people of Porto Rico or the Porto Rico Express Company have any substantial interest in the case which would make them necessary parties. The allegation of the bill is that the defendant is acting under a void law, and this has been held in decisions in this and in appellate

Universal Film Co. v. Benedicto.

courts to be a sufficient ground without making the sovereign for whom he acts a party. Similarly the Porto Rico Express Company is a mere agent of the plaintiff, and has no interest one way or the other in the result. If joined, it would be as a nominal party.

2. The points raised by the bill are important and have been discussed fully in argument and brief. It does not seem, however, that they are in such shape that they can be passed upon by the court. A court is organized by the government for adjudicating issues between parties. In the case at bar it would seem that the taxes complained of have already been paid to the defendant, and no doubt in due course have been covered into the Insular Treasury. They were paid under protest, but the act in question supplies a remedy by suit, and it is sworn, and not disputed, that the plaintiff is pursuing that remedy. That being so, this court cannot proceed and decide what is at most a moot question as to the validity of the tax. Lewis Pub. Co. v. Wyman, 168 Fed. 756, 758. This question must come up in the court in which it is sought to recover the taxes, and in case of erroneous decision can be appealed to the same forum which would ultimately have to decide the case if begun in this court. Little v. Bowers, 134 U. S. 547, 33 L. ed. 1016, 10 Sup. Ct: Rep. 620. Payment under protest does not continue in existence an equity remedy by injunction. Singer Mfg. Co. v. Wright, 141 U. S. 696, 700, 35 L. ed. 906, 907, 12 Sup. Ct. Rep. 103.

3. It is urged that the principle as to preventing a multiplicity of suits would apply. The prevention of a multiplicity of suits, however, is to protect the plaintiff, and it must relate to a multiplicity of suits threatened against him. There is

Universal Film Co. v. Benedicto.

nothing requiring him to bring a multiplicity of suits of the character already brought. It is his own choice. He can bring one suit which will settle the principle, and if he does not choose to do so he cannot complain that he is not prevented from bringing more. Headrick v. Larson, 81 C. C. A. 378, 152 Fed. 93. What would be the action of the court if the issue were the validity of a tax whose collection is threatened, and which has nót been paid, is a question which need not, and cannot, be decided under the present pleadings.

It follows, therefore, that the motion to dismiss must be granted, but without prejudice.

It is so ordered.