## THE LUCY.

1. An appeal which had been allowed from a District Court having Circuit Court powers dismissed; it having been allowed just after an act had passed, which created a Circuit Court for the same district, and which repealed so much of any act as gave to the District Court Circuit Court powers.

2. Appellate jurisdiction in the Federal courts depends on the Constitution and the acts of Congress. When these do not confer it, courts of the United States cannot exercise it by virtue of agreements of counsel or otherwise.

3. The fact that no transcript of the record was filed at the next term to that when a decree appealed from was made is, in general, fatal to the appeal.

MOTION to dismiss an appeal from the District Court for the Southern District of Florida, condemning the schooner Lucy, the case being this:

An act of Congress of 1803* prescribes the circumstances under which appeals are allowed from the District to the Circuit Courts, and from these last to this court. This act being in force and governing the appeals mentioned, an act of February, 1847,† established the District Court for the Southern District of Florida, with the jurisdiction and powers of a District and Circuit Court of the United States; and appeals were allowed from its decrees in the same manner, and under the same regulations as appeals from a Circuit Court.

On the 15th of July, 1862,‡ Congress passed an act establishing a Circuit Court for a circuit which included the Southern District of Florida, and repealing the former act conferring upon the District Court Circuit Court jurisdiction.

In this state of the law, on the 4th of August, 1862, that is to say, nineteen days after this last statute was enacted, the District Court passed a decree condemning the schooner Lucy, and on the 15th, allowed an appeal to this court.

The record was, in the October following, filed in the

---

* 2 Stat. at Large, 244.      † 9 Id. 131.      ‡ 12 Id. 576.

Circuit Court for the district "by reason of the act of Congress, approved July 15th, 1862, establishing a Circuit Court in said district."

Afterward, to wit, May 1st, 1867, the cause was transferred to the Supreme Court of the United States by consent of all parties in interest, and the case so came up here from the Circuit Court. The record was filed December 24th, 1867.

*The Attorney-General and Mr. Ashton, special counsel of the United States*, citing *The Alicia*,* argued in support of the motion to dismiss:

1. That the appeal allowed in *August* must have been so granted in ignorance that the act establishing a District Court with Circuit Court powers had been repealed in *July;* that the transfer into the Circuit Court in the absence of statutory authority, and the transfer *by consent* to this court was a nullity.†

2. That independently of this, the cause must be dismissed because the record was not filed before the end of the term succeeding the allowance of the appeal, nor before the end of the term succeeding the passage of the act of June 30th, 1864.‡

*Mr. Durant, contra,* distinguishing the case from *The Alicia*, contended, that the act of filing the transcript of the record in the Circuit Court of Florida was a mere error of the clerk, which could prejudice no one, and gave that court no jurisdiction; that the agreement between the parties, that the appeal taken and allowed in this case be taken to the Supreme Court of the United States, operated as a waiver of the irregularity existing, in the fact that the appeal had not been filed in the Supreme Court of the United States during the December Term, 1862, and as a consent that it should be filed at the next term after the agreement, which was done; that an irregularity in the return of a writ of error or appeal might be cured by consent, whether implied from

---

* 7 Wallace, 571.

† Washington County *v.* Durant, 7 Wallace, 694.

‡ Edmonson *v.* Bloomshire, 7 Wallace, 306.

appearance or otherwise shown,* and that good faith required that the agreement made by the United States below should be kept here, since no law forbade its observance in the present instance.

The CHIEF JUSTICE delivered the opinion of the court.

At the time when the District Court for the Southern District of Florida was established, the act of 1803† governed appeals from the District to the Circuit Courts, and from the Circuit Courts to this court. No appeal in admiralty could be taken directly from the District Court to this court, except when, as in the case of the Southern District of Florida, the District Court exercised the jurisdiction of the Circuit Court as well as that of the District Court.

If this state of the law had undergone no change at the date of the decree of condemnation in this case, the allowance of an appeal to this court would have been quite regular.

But the effect of the act of July, 1862,‡ was to vest in the Circuit Court for that circuit the whole appellate jurisdiction exercised by other Circuit Courts in respect to decrees in admiralty. It left the original jurisdiction in admiralty of the District Court, untouched.

It was in virtue of this original jurisdiction that the District Court had cognizance of the case of the Lucy. The appellate jurisdiction of the case was vested by the act in the Circuit Court.

It follows that, when the decree was pronounced in August, no appeal could be taken to this court, but only to the Circuit Court, and that the allowance of an appeal to this court was a nullity.

This objection to the jurisdiction is decisive; but, if it were otherwise, the fact that no transcript of the record was filed at the next term, would be fatal to the appeal.§

No consent of counsel can give jurisdiction. Appellate

---

* Wood v. Lide, 4 Cranch, 180.

† 2 Stat. at Large, 244.                    ‡ 12 Id. 576.

§ Castro v. United States, 3 Wallace, 47; Insurance Company v. Mordecai, 21 Howard, 195.

jurisdiction depends on the Constitution and the acts of Congress. When .these do not confer it, courts of the United States cannot exercise it. .

We cannot take cognizance of a case not brought before us in conformity with the law.

The case at bar, therefore, must be DISMISSED.