THE JUNCTION CITY & FORT KEARNEY RLY. CO. v. JAMES L. WINGFIELD.

CASE MADE; PRACTICE; *When Case is not Served and Settled in Proper Time, it is Void.* Where the court below, after a case is disposed of in that court, gives sixty days within which to "make, serve and file" a case for the supreme court, and the case is not served on the opposite party, or his attorney, until sixty-three days have elapsed, and the case is then presented to the judge for settlement, and is on that same day and on the very day on which it was served, settled, certified, signed, attested, sealed, and filed with the papers in the case, without notice to, or suggestion of, amendments, or appearance by the opposite party, *held,* that the failure to serve the "case made" within the proper time was fatal to its validity; and, that, as nothing was afterward done which could give it any vitality, the petition in error founded thereon must be dismissed.

15—16 KAS.

*Error from Davis District Court.*

WINGFIELD brought his suit against the *Railway Company* to recover the value of a lot of ties which he alleged he furnished at the request of said company. The amount claimed was $207.99. Answer, payment. Trial at the March Term 1874. Verdict and judgment for plaintiff. The *Railway Company* undertook to obtain a "case made," and afterward brought the case here by petition in error. The proceedings are fully stated in the opinion.

*J. P. Usher*, for plaintiff in error.

*McClure & Humphrey*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case is presented to the supreme court on petition in error, and what is termed "a case made for the supreme court." The defendant in error now raises the question that said "case made" was not properly served and settled as provided by law. Section 548 of the civil code provides, that—

"The case so made, or a copy thereof, shall, within three days after the judgment or order is entered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. A certified copy thereof shall be filed with the petition in error," etc. (Laws of 1871, page 274.)

Section 549 of the code provides, that—

"The court or judge may, upon good cause shown, extend the time for making a case, and the time within which the case may be served; and may also direct notice to be given of the time when a case may be presented for settlement after the same has been made and served, and amendments suggested, which, when so presented, shall be settled, certified, and signed by the judge who tried the cause; and the case

so settled and made shall thereupon be filed with the papers in the case; * * * and if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and containing a full record of the cause, and certified accordingly." (Laws of 1870, page 168.)

After this case was disposed of in the court below, the court then made an order that the defendant (plaintiff in error) have "leave to make, serve, and file a 'case made' in sixty days from the 17th of March 1874." When the case was made is not shown. But it was not served or filed until May 19th—sixty-three days from March 17th, instead of sixty. This case should have been served, under the order of the court, at furthest as early as May 16th. Then the plaintiff below (defendant in error) should have had at least three days after such service within which to suggest amendments; and if the plaintiff had suggested any amendments within that time, then the case should not have been settled until due notice of the time thereof had first been given to the plaintiff below. But in the present case the "case made" was not served on the plaintiff until three days after the time within which it could legally be served, and then, instead of giving the plaintiff three days within which to suggest amendments, and giving him due notice of the time when the case would be presented for settlement, the case was immediately presented for settlement, without any suggestion of amendments on the part of the plaintiff, without notice to him of the time for settlement, and without any appearance on his part; and on that same day the case was "settled, certified, and signed by the judge who tried the cause," was "attested by the clerk, and the seal of the court attached," and was "filed with the papers in the case." We think the failure to serve the "case made" within the proper time was fatal to its validity, and that nothing was afterward done which could give it any vitality.

We have examined the "case made," and find that even if we should consider it as having been properly served, settled, certified, attested, sealed, and filed, still we would have to

affirm the judgment below; but as the "case made" was not properly served and settled, we shall have to dismiss the petition in error.

All the Justices concurring.