THE ÆTNA LIFE INSURANCE COMPANY v. EDMUND P. KOONS.

1. CASE-MADE; *Extension of Time*.   The district judge has no power to extend the time for making a case, after the time fixed by the statute and by the order of the court and judge has once elapsed.

2. ————— The parties to a record cannot extend the time for making the case by stipulation between themselves, in the absence of an order of the court or judge granting such an extension.

3. ACTION, *Not Barred*.   Where the petition alleges that the defendant is a foreign insurance corporation, created and existing under the laws of

Connecticut, with its principal office in the city of Hartford, in that state, it sufficiently appears therefrom that the defendant is a non-resident, and not present in the state, and an objection upon the ground that the cause of action therein set forth is barred by the statute of limitations, is not well taken, because the exceptions enumerated in § 21 of the code apply.

*Error from Douglas District Court.*

ACTION brought by *Koons* against the *Ætna Life Insurance Company*, to recover $300, with interest from December 1, 1874. Trial at the April Term, 1880, of the district court, and judgment for the plaintiff for $119. The defendant brings the case here. The opinion states the facts.

*M. T. Campbell*, for plaintiff in error.

*Geo. J. Barker*, and *S. C. Russell*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On July 19, 1875, Edmund P. Koons brought his action in the district court of Douglas county, against the Ætna Life Insurance Company, to recover $300, and interest from December 1, 1874. He alleged in his petition, among other things, that the defendant was a corporation organized under the laws of the state of Connecticut, with its principal office in the city of Hartford, in that state, but duly empowered by law to do business in this state, and having an office therein; that on the 1st of December, 1874, at Lawrence, in consideration of the payment of $79.34, and the annual premium of $79.34, to be paid on or before the 1st day of December in every year, the insurance company executed a policy of insurance in writing, to him, and thereby insured his life in the sum of $1500, payable to the assured, his executors, administrators or assigns; that he was the owner and holder of the policy; that he had not violated any of its conditions; that by the terms of the policy, the insurance company agreed in the event the policy of insurance should lapse from the non-payment of premiums after two payments of premiums had been made, it would issue a paid-up policy to

the assured for two-tenths of the amount insured; that the first two premiums were fully paid at the time specified, and that the insurance company refused to issue a paid-up policy for two-tenths of $1500, as it had agreed, and refused to pay plaintiff any money. A copy of the policy of insurance was attached to the petition. On September 1, 1879, the insurance company filed its answer, alleging that on December 1, 1874, it executed to Sarah P. Koons, the wife of the plaintiff, an insurance on his life in the sum of $1500, payable to the wife, her heirs, or assigns, upon the death of her husband; but it denied that it had at any time or place insured the plaintiff in any sum, for his benefit. It denied that any premium had been fully paid, or that any demand for a paid-up policy had been made, or that the plaintiff was the owner or holder of the policy. The answer admitted, however, that the beneficiary named in the policy was entitled to a paid-up policy for $300, less the amount of the insurance that the deferred payments at their present value would purchase under the single-premium plan. On the 13th of December, 1879, plaintiff filed an amendment to the petition, setting forth the dividends the insurance company had declared on account of its policy, which he alleged the company failed and neglected to pay or credit him with. On the 22d day of April, 1880, the insurance company filed an amended answer in the form of a general denial, duly verified. The cause was tried at the April term for 1880, by the court, without the intervention of a jury. Judgment was rendered in favor of the plaintiff for $119. The insurance company excepted, and brings the case here.

On the part of defendant in error, it is urged that we cannot pass upon the objections presented, because of the irregularity in the signing and settlement of the case-made. The objection is well taken as to all errors occurring on the trial. The motion for a new trial was overruled on April 29, 1880. Thereupon the court extended the time for making and serving the case sixty days. No other extension was applied for, or obtained from the court or judge. On the 1st day of October,

1880, the case was settled, and signed by the judge, with the consent of the parties, under a stipulation executed June 25, 1880, that the time for making and serving the case should be extended to October 11, 1880. If the judge had power to extend the time for making a case after the time fixed by law or the order of the court had elapsed, we might treat the signing of the case on October 1, 1880, as a ratification by the judge of the extension of the time to make the case agreed to by the parties; but it has already been decided by this court, that the judge has no power to extend the time for making a case after the time fixed by law, or the order of the court or judge has once elapsed. (*Ingersoll v. Yates*, 21 Kas. 90, 94.) A case-made cannot be properly signed and settled after the time fixed by the statute has passed, in absence of an order from the court or judge, merely upon the stipulation of the parties; nor can the parties to a record extend the time for making the case, in the absence of any order of the court or judge. (*Cohen v. Trowbridge*, 6 Kas. 388; *Hodgden v. Comm'rs of Ellsworth Co.*, 10 Kas. 637; *Couse v. Phelps*, 11 Kas. 455; *Weeks v. Medler*, 18 Kas. 425.)

The only question remaining is, the matter of the statute of limitations, which is raised here for the first time in the case. It is urged that the petition upon its face shows that the cause of action, if any existed in favor of the plaintiff, was long since barred by the statute. We do not think the point well taken. The defendant is a foreign insurance company, and is a non-resident of the state, and service was had thereon by a summons directed to the superintendent of insurance, under the provisions of § 41, ch. 50, p. 493, Comp. Laws of 1879. And § 21 of the code provides: "After the cause of action accrues, the time of absence of a defendant from the state shall not be computed as any part of the period in which the action must be brought." The statute does not begin to run in favor of a non-resident until he comes into the state. The insurance company in this case has never been present in the state, by anything that appears in the petition. Where the petition does not show upon its face that a plaintiff's claim is barred,

the only way in which a question of statutory power can be raised is by a special plea; a general denial will not raise it. No special plea was filed, and if one had been filed, we do not see how it could have availed anything, because, as a matter of fact, the insurance company had no presence in the state, although it is permitted to transact business under the rules and regulations provided by the legislature, and is permitted to be sued in this state, by service of summons upon the superintendent of the insurance department. The insurance company is not only a non-resident of Kansas, but under the allegations of the petition, its residence and presence have always been at Hartford, Connecticut. (*Bonifant v. Doniphan*, 3 Kas. 26; *N. M. R. Co. v. Akers*, 4 Kas. 453.)

The judgment of the district court will be affirmed.

All the Justices concurring.