## John F. Limerick v. J. H. Haun.

Case-Made — *Extension of Time* — *Authentication.* The attorneys for the parties to a record cannot extend the time for making the case by stipulation between themselves, in the absence of an order of the court or judge granting such an extension. A "case-made" signed by the trial judge, but not attested by the clerk of the court with his signature, and the seal of the court, will not be reviewed by the supreme court for alleged errors, when challenged for want of proper authentication.

*Error from Harper District Court.*

The opinion states the case.

*J. J. Merrick,* for plaintiff in error.

*Crooker & Noftzger,* and *S. S. Sisson,* for defendant in error.

Opinion by Strang, C.: This case was tried by a jury January 25, 1888, resulting in a verdict and judgment for the defendant. The plaintiff's motion for a new trial was overruled the same day, and sixty days were given to make a case for this court. The plaintiff brings what purports to be a case-made to this court, and asks that certain alleged errors therein be reviewed. The defendant objects to such consideration by this court, and challenges the so-called case-made, and says: First, that it was not made and served within time; second, that it was not properly authenticated.

Sixty days from January 25, 1888, were given the plaintiff to make a case. Afterward the plaintiff applied to the judge of the court to have the time in which to make a case extended to April 10, 1888. The judge allowed the application, and extended the time for making the case to April 10, 1888. Neither the application for the said order of extension nor the order itself is dated, and neither seems to have been filed in the office of the clerk of the court. It is therefore impossible to say whether or not it was made during the lifetime of the original order. April 10, 1888, attorneys rep-

resenting the plaintiff and defendant, by stipulation extended the time for making a case for this court to May 1, 1888. The case was served April 28, 1888, and eighteen days after the last order of the judge had expired, and therefore was out of time so far as any order of the judge is concerned. It was served during the time stipulated for by the attorneys in the case; but the attorneys in the case cannot extend the time for making a case by agreement, without an order of the court or judge trying the case. (*Insurance Co. v. Koons,* 26 Kas. 215.)

The second objection to the consideration of this case-made as presented is, that it is not properly authenticated, never having been attested by the clerk of the court. This question has just been considered and decided against the plaintiff at this term of the court, in the case of *Limerick v. Gwinn.*

It is recommended that this case be dismissed.

By the Court: It is so ordered.

All the Justices concurring.