### LONG v. MAXWELL.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1894.)

No. 49.

1. APPEAL—FINAL DECREE.
   A decree for specific performance, concluding all the rights of the parties, is a final decree, notwithstanding that a conveyance which it directs to be made is to be afterwards presented to the judges for their approval of its form and terms.

2. SAME—REVIEW—DECRETAL ORDER.
   On appeal from a decretal order which, in effect, merely directs the execution of a former final decree, which has been temporarily suspended on motion of the losing party, the court cannot consider alleged errors relating to matters embraced in the original decree, from which no appeal has been taken.

Appeal from the Circuit Court of the United States for the Western District of North Carolina.

Bill for specific performance by W. D. Maxwell against Noah Long. Complainant obtained a decree, whereupon the defendant, Long, appealed.

This was a bill filed by W. D. Maxwell against Noah Long, in the circuit court of the United States for the western district of North Carolina, for the specific performance of the following contract:

### "State of North Carolina, Alleghany County.

"Know all men by these presents, that I, Noah Long, of the county of Grayson and state of Virginia, am held and firmly bound unto W. D. Maxwell, of the county of Alleghany and state of North Carolina, in the sum of twenty thousand dollars, lawful money of the United States, to be paid to the said W. D. Maxwell, his executors and administrators or legal representatives, for which payment, well and truly to be made, I bind myself, my heirs, executors, and administrators, and every of them, firmly by these presents. Sealed with my seal, and dated this 10th day of February, 1873.

"The conditions of this obligation is such that whereas I, the said Long, hold a bond against the said Maxwell for the sum of five thousand dollars, dated the 4th day of January, 1865, and also a deed from the sheriff of Alleghany county for the lands upon which the said Maxwell and his mother now live, dated the 12th day of August, 1870, sold to satisfy some executions, as will more fully appear by reference to said deed. Now, I, the said Long, do agree to reconvey to the said Maxwell or his legal representatives, when called upon so to do, all the lands mentioned in said deed, and all the minerals in said lands, except one-twelfth of said minerals, instead of one-fifteenth, as was the former agreement, upon the following conditions, to wit: That I, the said Long, am to have the above-mentioned mineral interest, to wit, one-twelfth, and also the debts for the land sold to C. H. Doughton for his son, J. A. Doughton, and the debt from D. C. Jones, upon a compromise in the Austin lands suit, all of which mineral interest and debts I am to have in consideration for the reconveyance of the said lands and

minerals, and the money I have expended for the said Maxwell, and otherwise expended in the said premises, except enough out of said debts to pay what the said Maxwell owes A. M. Long and B. H. Thipps, which debts I, the said Long, am to pay. I agree with the said Maxwell to aid him in effecting a sale of the minerals in said land, and, in any legal way I can, to help perfect the title to said minerals, if deficient in any particular, that said minerals may be placed upon the market, and a good and sufficient title may be made to the purchaser thereof; and if I shall expend any money, by the written consent of the said W. D. Maxwell, in the development of the said minerals, I am to have the same amount refunded to me out of said mineral interest when sold. Now, if the above is complied with, then this instrument to be void; otherwise, to remain in full force and virtue in law.

"Given under my hand and seal the day and date first written above.

"Noah Long. [Seal.]"

Among the averments of the bill was that complainant, "to induce said defendant to execute said contract, agreed to allow said defendant to retain the land debts therein enumerated, and also to retain a one-twelfth mineral interest in said lands contained, with all of which your orator has always been ready, and is now ready, to comply."

The defendant denied the execution of the contract, and in his answer, among other things, further said "that this defendant has expended some moneys in the development of the minerals, and otherwise, by the written consent of the complainant. But he admits that the complainant did not, by such writing, intend to confer any power on this defendant to expend such money, but such writing was only such as the complainant drew up or witnessed between this defendant and other parties recognizing and admitting this defendant's ownership of the property." Voluminous evidence was taken, and the cause, having been duly heard in the circuit court, resulted, on July 20, 1891, in the following decree: "This cause came on to be heard at April term, 1890, of this court, and was argued by counsel; and now, upon consideration thereof, it is ordered, adjudged, and decreed as follows, viz.: That the agreement set forth in the complaint, and proved in the cause, be specifically performed, and that the defendant, Noah Long, on or before the rule day of this court in September, 1891, execute and deliver to the plaintiff a good and sufficient conveyance for the lands mentioned in said agreement, in accordance with the terms of said agreement, the form and terms of the said conveyance to be approved or changed on further directions by one of the judges of this court; and the plaintiff is required to perform, on his part, all the terms of said contract. It is further ordered, adjudged, and decreed that the costs of this cause be taxed against the defendant by the clerk of this court."

On September 7, 1891, the following entry appears of record: "Defendant comes into court by his att'ys, Charles Price and James E. Boyd, and by leave of the court enters his motion for further time to comply on his part with the decree filed in this case on the 20th day of July, 1891, and for an order of the court to ascertain, by reference or otherwise, what amount of money, if any, is due from plaintiff, to be paid before the execution of the deed provided for in the decree, what other acts or obligations are to be performed, on the part of the plaintiff, antecedent to the execution of the said deed. Whereupon, it is ordered by the court that the execution of the deed required by the said decree on the part of the defendant be suspended until the further order of the court, to be made at October term, 1891, upon the further hearing of the case. It is further ordered that a certified copy of this motion and order be served upon the plaintiff, or his attorneys of record."

On October 15, 1892, complainants submitted a motion to the court, "for the execution of the decree heretofore made in this case by the specific performance of the contract set forth in the pleadings," which was transferred to the circuit court at Asheville at the ensuing November term, to be heard and determined by a full bench; and the matter coming on to be heard before GOFF, Circuit Judge, and DICK, District Judge, the following decretal order was entered November 15, 1892: "This cause came on to be

heard at this term, on a motion of the complainant for a decretal order for the execution of the decree heretofore made in this case for the specific performance of the contract set forth in the pleadings, and was argued by counsel: Now, upon consideration thereof, it is ordered, adjudged, and decreed that the defendant, Noah Long, on or before the first Monday in January, 1893, execute and deliver to the complainant, W. D. Maxwell, a good and sufficient conveyance in fee simple, for the land referred to in the agreement dated the 10th day of February, 1873, reserving, however, to himself, one-twelfth of the mineral interests thereof; and the complainant shall accept the same in performance of his said contract. Let this and the former decree be entered of record in the circuit court at Greensborough; and this cause is reserved for any further directions that may become necessary by the failure of either party to comply with the requirements of the decree and decretal order made in this case."

Thereupon, on January 3, 1893, the defendant appealed from the order of November 15, 1892, to this court, and assigned the following errors:

"(1) That the finding of the court that the bond for title bearing date February 10, 1873, was executed by the defendant, and was his deed, was against the weight of evidence.

"(2) That the said bond is so written and worded that it is ambiguous and unintelligible, and incapable of legal or equitable construction, and cannot be carried into effect, and the court should have so declared.

"(3) That the court, after setting up by its finding the bond to have been duly executed, should have proceeded further, and ordered an account to ascertain what amount of money the defendant had paid, by the written assent of the plaintiff, in developing the minerals on the land in controversy, and in efforts to sell the same, and, when the amount was ascertained, made the same a charge on the land.

"(4) That the court should have taken into account the mutual dealings of plaintiff and defendant, and the matters of indebtedness set up by defendant in his answer as owing to him by plaintiff, and should have ascertained what balance, if any, was due defendant, and made such balance, when found, a charge on the land.

"(5) That the decree filed in the cause is not sufficiently full and explicit, and does not set forth definitely the rights, interests, and equities of the parties in the subject-matter of the controversy."

Chas. Price, for appellant.

R. M. Douglas, for appellee.

Before FULLER, Chief Justice, and SIMONTON and SEYMOUR, District Judges.

FULLER, Chief Justice, after stating the facts as above, delivered the opinion of the court.

The decree of July 20, 1891, was, in our opinion, a final decree, terminating the litigation between the parties, and leaving nothing to be done, except to carry it into execution. Bank v. Sheffey, 140 U. S. 445, 11 Sup. Ct. 755. The reservation for further directions simply related to such execution, and could not be availed of as rendering the decree less final, or leaving open points expressly decided when it was entered. If the decree was erroneous, the proper mode of correction was by rehearing or appeal. 2 Daniell, Ch. Pr. (4th Am. Ed.) 1368, 1577; Le Grand v. Whitehead, 1 Russ. 309; Lee v. Pindle, 12 Gill & J. 288.

The motion of September 7, 1891, for further time to the defendant to comply with the decree, and for an order of reference, was not the equivalent of an application for rehearing on the merits, and did not assume to be; and the order of the court thereon

simply suspended the execution of the deed until further order on hearing in reference thereto. The decree of July 20th granted the relief prayed, and directed specific performance, with costs. So far as the motion referred to the ascertainment of what, if any, amount of money was due "from plaintiff, to be paid before the execution of the deed provided for in the decree, and what other acts or obligations are to be performed on the part of the plaintiff antecedent to the execution of said deed," those were matters brought forward by the defendant in his answer, and were disposed of by the conclusion reached. As to the contention over expenditures claimed to have been made by defendant subsequently to the contract, and in accordance therewith, a cross bill might have been necessary to affirmative relief, and none was filed; but, in any view, the decree precluded further question in that respect on this record. It is true that the decree required complainant "to perform on his part all the terms of said contract;" but that, while somewhat obscure in its wording, manifestly referred to allowing the defendant to retain the land debts referred to in the contract, and also one-twelfth mineral interest in the land, which could be secured by the terms of the deed, when approved by the court and accepted by the complainant. And when, after the lapse of more than a year from the time defendant's motion was made, the complainant moved for a decretal order to execute the decree, and that order, after hearing, was entered November 15, 1892, the order, by its very terms, was merely one in execution of the former decree, treating that as final. If an appeal had then been taken from the decree of July 20, 1891, it could not have been sustained, as more than six months had expired from that date. 26 Stat. 826, c. 517, § 11.

The appeal before us, however, was not taken from this decree, but from the decretal order of November 15, 1892; and our attention is not called to, nor do we perceive, any error in the record arising upon the subsequent proceedings. Treating the distinction sometimes adverted to between a decretal order and a decree as unimportant, it may be conceded that, if error intervened in orders entered in the execution of a decree, an appeal would lie. Hill v. Railroad Co., 140 U. S. 52, 11 Sup. Ct. 690. But there is no such state of case here, and the errors assigned relate solely to matters embraced by the decree of July 20th, and that adjudication cannot be reviewed on this appeal. Bank v. Sheffey, supra.

The circuit court had itself no power to grant a rehearing at November term, 1892, (Equity Rule 88;) and this appeal cannot be treated as taken from the decree of July 20th, not only because it was not so taken in terms, but because it could not properly have been allowed under the judiciary act of March 3, 1891. Decree affirmed.