JANE ATKINS, EDWINA ATKINS, JOSIAH ATKINS, AND
LUCY ATKINS, *Trustees of the will of Richard Atkins,
deceased*, v. THE NORDYKE-MARMON COMPANY.

### No. 11285.

1. PRACTICE, DISTRICT COURT—*Agreed Statement of Facts—
Motion for New Trial Unnecessary.* Where a case is tried
on an agreed statement of facts no motion for a new trial is neces-
sary, and therefore the filing of such motion does not extend the
time beyond the three days from the judgment in which to make
and serve case or apply for extension of time.

2. PRACTICE, SUPREME COURT—*Defective Service of Case-made
—Estoppel.* Because a party appears and argues a case in the
court of appeals he is not estopped from complaining in this court
that the case was not served in time.

Error from the court of appeals, northern depart-
ment; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L
W. McELROY, judges. Opinion filed March 11, 1899.
Dismissed.

*S. L. Seabrook*, for plaintiffs in error.

*Rossington, Smith & Histed*, and *Samuel Barnum*, for
defendant in error.

PER CURIAM : This case was tried in the circuit
court of Shawnee county upon an agreed statement of
facts in writing. Judgment was entered in favor of
the defendant below on January 19, 1893. On Janu-
ary 21, 1893, the plaintiff below filed a motion for a
new trial, which motion was overruled on February 8,
1893. On that day sixty days were allowed to plain-
tiffs below to make a case, with time to defendants
to suggest amendments. The case was settled and
signed. A motion has been made to dismiss the pro-
ceedings in error for want of jurisdiction in this court.
This motion must be sustained.

In order for plaintiffs below to obtain a review it was necessary for them to serve a case-made within three days from the date of the final judgment, January 19, or within that period obtain an extension of time. (Gen. Stat. 1897, ch. 95, § 589 ; Gen. Stat. 1889, ¶ 4649.) No motion for a new trial was necessary in the circuit court, the case having been tried upon an agreed statement of facts. (*Ritchie v. K. N. & D. Rly. Co.*, 55 Kan. 36, 39 Pac. 718.) The motion being unnecessary, the filing of it cannot serve the purpose of extending the time beyond the three days from the entry of judgment in which to make and serve a case or to apply for an extension of time. (*Schnitzler v. Green, Constable*, 5 Kan. App. 656, 47 Pac. 990.)

It is urged that because defendant in error appeared and argued this case in the court of appeals it cannot now complain of defects in the case-made. This matter, however, affects the jurisdiction of the court over the subject-matter and cannot be waived. It has been held by this court that "the district judge has no power to extend the time for making a case after the time fixed by the statute and by the order of the court and judge has once elapsed."

The parties to a record cannot extend the time for making the case by stipulation between themselves, in the absence of an order of the court or judge granting such an extension. (*Ætna Life Ins. Co. v. Koons,* 26 Kan. 215 ; *Gamble v. Turner*, 36 id. 679, 14 Pac. 255 ; *Weeks v. Medler*, 18 id. 425 ; *J. C. & Ft. K. Rly. Co. v. Wingfield*, 16 id. 217.) If neither the trial court nor the attorneys for both parties by consent, nor all combined, could, after the lapse of the original time, confer jurisdiction on this court, it could not be conferred by one of the parties appearing and resist-

ing the case upon its merits. (*Herrick and another v. The Racine Warehouse and Dock Co.*, 43 Wis. 93 ; *The Lucy*, 8 Wall. 307.)

The petition in error will be dismissed.