CLARK v. DOERR et al.

(Circuit Court of Appeals, Fifth Circuit. March 6, 1906. Rehearing Denied April 3, 1906.)

No. 1,451.

WRIT OF ERROR—TIME FOR SUING OUT—EXTENSION BY AGREEMENT.

The time within which a writ of error must be sued out under Act March 3, 1891, c. 517, 26 Stat. 829, § 11 [U. S. Comp. St. 1901, p. 547], which provides that no writ of error shall be sued out, except within six months after the entry of judgment, cannot be extended by agreement.

In Error to the Circuit Court of the United States for the Western District of Louisiana.

Paul A. Sompayrac, for plaintiff in error.
A. P. Pujo and C. D. Moss, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. A motion is made to dismiss this writ of error, because not sued out within six months from the entry of the final judgment in the Circuit Court. On trial before a jury in that court at Opelousas, La., a verdict was rendered May 17, 1904, and on the 23d day of May, 1904, a judgment upon the verdict was read and signed in open court at Alexandria, La., and this is the only judgment found in the transcript. On October 14, 1904, a petition for writ of error accompanied with assignments of error to review a judgment rendered May 17, 1904, was filed. On November 14, 1905, the following agreement appears to have been made:

"United States Circuit Court for Western District of Louisiana.

" W. H. F. Doerr vs. John W. Downs et al.   No. 259.   .

"It is hereby agreed between E. M. Clark, one of the defendants and plaintiff and trustee in the above-styled case that the remittitur filed May 19th, and the judgment signed and filed May 19, 1904, shall be withdrawn and constitute no part of the record and that the judgment signed on May 23, 1904, on the verdict of the jury in this case shall be the judgment herein. However, E. M. Clark does not acquiesce in said judgment and reserves the right to have the same reversed.

                                        "Pujo & Moss,
                                            "Attorneys for Doerr and Trustee.
                                  "Sompayrac & Toomer,
                                            "Attorneys for E. M. Clark."

On the 11th day of March another agreement appears to have been made:

"United States Circuit Court for Western District of Louisiana.

"W. H. F. Doerr vs. John W. Downs et al.   No. 259.   Action at Law.

"Whereas, action was filed in above-entitled case for writ of error that would be also a supersedeas, together with bond; and, whereas, certain objections were made by the court to the form of the bond: Now, therefore, it is agreed between plaintiffs and defendant, E. M. Clark, that said Clark shall have the right of filing a bond, in accordance with the require-

ments of the above-entitled court, and the writ of error and supersedeas applied for by said Clark when granted shall have the same effect as if filed in time and accepted by the court.

"Pujo & Moss,
"Attys. for Doerr & Trustee.
"Sompayrac & Toomer,
"Attys. for E. M. Clark."

On March 11, 1905, a writ of error referring to no particular judgment was allowed and filed in the Circuit Court. On the same day bond for supersedeas was accepted, reciting therein: "Whereas lately at Opelousas," etc., "a judgment was rendered," etc., but giving no date for the same. In the citation in error no reference is made to the date or place of the judgment to be reviewed. The act constituting this court (Act March 3, 1891, c. 517, 26 Stat. 829, § 11 [U S. Comp. St. 1901, p. 547]) provides as follows:

"No appeal or writ of error from which any order, judgment or decree may be reviewed in the Circuit Court of Appeals under the provisions of this act shall be taken or sued out except within six months after the entry of the judgment, order or decree sought to be reviewed."

According to this statute the writ of error in this case, whether intended to review the judgment alleged to have been rendered at Opelousas or the judgment rendered at Alexandria, was sued out too late to give this court jurisdiction, unless the time in which to sue out the writ of error was extended by the agreements between the parties above referred to. The agreement of November 14, 1904, was made within the six months in which the writ of error could have been sued out; but it does not in terms nor by any proper implication agree to extend the time for suing out a writ of error. The agreement of the 11th of March, 1905, is an agreement which can be construed as a consent that the writ of error sued out on that day shall have the same effect as if sued out within six months from the date of the judgment. It is considered settled that to give the appellate court jurisdiction of a writ of error the writ must be issued and filed with the court below within the time prescribed by law, and this requirement cannot be waived by the parties. See Stevens v. Clark, 62 Fed. 323, 10 C. C. A. 379, and authorities there cited.

The Supreme Court in The Lucy, 8 Wall. 307, 309, 19 L. Ed. 394, says:

"No consent of counsel can give jurisdiction. Appellate jurisdiction depends upon the Constitution and the acts of Congress. When these do not confer it, the courts of the United States cannot exercise it."

And see Mills v. Brown, 16 Pet. 525, 527, 10 L. Ed. 1055; Kelsey v. Forsyth, 21 How. 85, 16 L. Ed. 32; Ballance v. Forsyth, 21 How. 389, 16 L. Ed. 143.

If we assume, therefore, that the agreement of March 11th was an agreed extension of the time within which to sue out a writ of error, we must still hold that it was ineffectual for the purpose of giving this court jurisdiction.

The writ of error is dismissed.