## AMERICAN NAT. BANK OF McALESTER *et al.* v. MERGENTHALER LINOTYPE CO.

No. 1104. Opinion Filed March 12, 1912.

(122 Pac. 507.)

**APPEAL AND ERROR** — Dismissal — Case-Made — Service on Adverse Party. Where a reversal is sought upon the case-made, it or a copy thereof must be served upon each adverse party or his attorney. A failure so to do upon a party to a joint judgment who will necessarily be affected by a reversal thereof defeats the jurisdiction of the appellate court and prevents a review of the judgment, and that, too, although he subsequently appears in this court, and waives service of the case-made.

(Syllabus by the Court.)

American Nat. Bank ·of McAlester et al. v. Mergenthaler Linotype Co.

*Error from District Court, Pittsburg County;*
*Preslie B. Cole, Judge.*

Action by the Mergenthaler Linotype Company against the American National Bank of McAlester and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*J. E. Whitehead,* for plaintiffs in error.

*Boyd & Moore,* for defendant in error.

TURNER, C. J.   On February 17, 1907, the Mergenthaler Linotype Company, defendant in error, as plaintiff, filed its complaint in equity in the United States Court for the Indian Territory, Central District at McAlester, against William A. Hinds, American National Bank of South McAlester, J. Puterbaugh, and the Capital Printing Company, as defendants. After answers filed there was a reference and a report of the referee upon an agreed statement of facts, which said report, after exceptions thereto filed, the court sustained, and on November 8, 1908, rendered judgment thereon in favor of plaintiff and against defendants for $1,650, .with interest, in all $2,074.88 and costs, and declared the same a·lien upon the one two-letter linotype machine .in controversy, and ordered it sold to satisfy the same.   Subsequently all defendants save Hinds filed a motion for a new trial, and, when the same was overruled, excepted and brought the case here for review by a proceeding in error and case-made without making said Hinds a party thereto.   Pending a motion to dismiss this appeal on the ground that Hinds was a necessary party, plaintiffs in error on November 4, 1909, moved and was granted leave by this court to make said Hinds a party defendant herein, which was accordingly done.   Defendant in error at this time renews its motion to dismiss, and assigns as ground therefor that neither said Hinds nor his attorney was served with the case-made or a copy thereof.   The point is well taken, and the appeal must be dismissed.   The judgment being joint, all persons against whom it was rendered and who would. necessarily be affected by. a reversal must be made parties to this proceeding.

*Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808; *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Weisbender et al. v. School District,* 24 Okla. 173, 103 Pac. 639; *James S. Hughes, Special Adm'r, v. A. L. Rhodes,* 25 Okla. 172, 105 Pac. 650.

That said Hinds would be so affected is clear. As the judgment stood unappealed from, any one of the four defendants were liable to pay on execution that part of the debt remaining after the property subject to the lien had been exhausted with, when paid, contribution over against any or all of the defendants, thereby dividing said residue of liability by four. Manifestly it would be to the interest of said Hinds to see to it that said liability was not shared by a lesser number, which might be the result should defendants appealing secure a reversal and escape ultimate liability. Being a necessary party to the appeal, he or his attorney should have been served with the case-made or a copy thereof, and, not being so served, we are without jurisdiction to review the judgment complained of. *Humphrey v. Hunt,* 9 Okla. 196, 59 Pac. 971; *Spaulding Manufacturing Co. v. W. H. Dill et al.,* 25 Okla. 395, 106 Pac. 817. Being jurisdictional, it cannot be waived. *Atkins v. Nordyke,* 60 Kan. 354, 56 Pac. 533. For this reason the subsequent amendment by leave of the petition in error so as to make Hinds a party upon which a summons issued for him which was returned indorsed:

"I, W. G. D. Hinds, the within named defendant in error, hereby accept service of the within summons in error and do hereby waive formal service of said summons in error upon me by the sheriff, and I do hereby waive all formalities of making and serving case-made upon me and do hereby consent that the cause may be submitted for trial in the Supreme Court upon petition in error filed by plaintiffs in error and upon original pleadings and other records of the lower court and the evidence taken in the lower court in said cause, all of which are contained in the case-made and agree that the case may be submitted upon said case-made now filed. W. G. D. Hinds, Defendant in Error. At Muskogee, November 5th, 1909"

—availeth nothing.

In *Atkins v. Nordyke, supra,* judgment was entered in favor of defendant in the trial court on January 19, 1893. On January

21, 1893, the plaintiffs there filed a motion for a new trial, which was overruled February 8, 1893, whereupon 60 days were allowed them to make a case with time for defendant to suggest amendments. The case was settled and signed, and thereafter a motion was made in the Supreme Court to dismiss the proceeding in error for want of jurisdiction in that court. In sustaining the motion, the court, in effect, said that, in order for plaintiffs to obtain a review, it was necessary for them to serve a case-made within three days from the date of the final judgment or within that period obtain an extension of time; that no motion for a new trial was necessary, the case having been tried upon an agreed statement of facts (*Ritchie v. K. N. & D. Ry. Co.,* 55 Kan. 39, 39 Pac. 718); that, the motion being unnecessary, the filing of it could not serve the purpose of extending the time beyond the three days from the entry of the judgment in which to make and serve a case (*Schnitzler v. Green, Constable,* 5 Kan. App. 556, 47 Pac. 990), and said:

"It is urged that, because defendant in error appeared and urged this case in the Court of Appeals, it cannot now complain of defects in the case-made. This matter, however, affects the jurisdiction of the court over the subject-matter, and cannot be waived. It has been held by this court that 'the district judge has no power to extend the time for making a case after the time fixed by the statute and by the order of the court and judge has once elapsed.' The parties to a record cannot extend the time for making the case by stipulation between themselves, in the absence of an order of the court or judge granting such an extension. *Aetna Life Ins. Co. v. Koons,* 26 Kan. 215; *Gimbel v. Turner,* 36 Kan. 679, 14 Pac. 255; *Weeks v. Medler,* 18 Kan. 425; *J. C. & Ft. K. Ry. Co. v. Wingfield,* 16 Kan. 217. If neither the trial court nor the attorneys for both parties by consent, nor all combined, could, after the lapse of the original time, confer jurisdiction on this court, it could not be conferred by one of the parties appearing and resisting the case upon its merits. *Herrick v. Racine Warehouse & Dock Co.,* 43 Wis. 93; *The Lucy,* 8 Wall. 307 [19 L. Ed. 394]."

See, also, *Ripey & Son v. Art Wall Paper Mills,* 27 Okla. 600, 112 Pac. 1119.

We therefore adhere to our original opinion, and this cause is accordingly dismissed.

All the Justices concur.