## BOTTOMS v. NEUKIRCHNER *et al.*

No. 4404.    Opinion Filed November 18, 1913.

(136 Pac. 774.)

APPEAL AND ERROR—Case-Made—Service.    The first section of the syllabus in **Devault et al. v. Merchants' Exch. Co.,** 22 Okla. 624, 98 Pac. 342, is made the syllabus of this case.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action between Z. T. Bottoms and Clara Neukirchner and others. From the judgment, Bottoms brings error. Dismissed.

*Alvin F. Pyeatt* and *Albert Rennie,* for plaintiff in error.

*J. T. Blanton* and *H. M. Carr,* for defendants in error.

PER CURIAM.    After the opinion in *Z. T. Bottoms v. Clara Neukirchner et al.* was rendered, and the mandate of this court had gone down to the district court of Garvin county, the plaintiff Clara Neukirchner was placed in possession of the land in controversy and thereafter sold the same to J. T. Blanton and H. M. Carr. After they had been in possession of the lands for some time, an affidavit was made by one of the attorneys who represented Bottoms in the former trial, seeking to impeach the validity of the former judgment, and a motion was thereupon filed to vacate and set aside the judgment in said cause on the ground that the same was void. A joint demurrer to this motion by Clara Neukirchner, J. T. Blanton, and H. M. Carr was sustained, and Bottoms was granted an extension of

90 days in which to make and serve a case-made, and plaintiff ten days thereafter to suggest amendments. To reverse the action of the trial court in sustaining this demurrer the plaintiff in error brings the case here.

The defendants in error have filed a motion asking that the case-made be stricken from the files, for the reason that the same was not served upon J. T. Blanton. While such failure is disclosed by the record, plaintiff in error contends that defendant in error Blanton is estopped in relying thereupon, for the reason that he suggested amendments to the case-made, all of which were duly incorporated into the record. There is no merit in this contention, as the Blanton amendments were not suggested until after the time granted by the trial court in which to prepare and serve case-made and suggest amendments thereto had expired. *Devault et al. v. Merchants' Exch. Co.,* 22 Okla. 624, 98 Pac. 342; *Turley v. Hayes & Shirk,* 28 Okla. 655, 115 Pac. 769; *American Nat. Bank et al. v. Mergenthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507.

The motion to strike the case-made from the files and dismiss the appeal is therefore sustained.