## BAXTER v. BEVIL PHILLIPS & CO. et al.

(District Court, S. D. Alabama. December 12, 1914.)

### No. 11.

**1. APPEAL AND ERROR ☞78—FINAL AND INTERLOCUTORY DECREES.**

Where the court determined the ownership of the proceeds of a fire policy in the hands of the stakeholder, and directed him to pay out of the fund the costs of the case, and the balance to the successful claimant, such decree was final and appealable, but not so as to a subsequent decree against the stakeholder, intended merely to carry the former one into execution.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464–477, 480, 481; Dec. Dig. ☞78.]

**2. APPEAL AND ERROR ☞76—"FINAL DECREE."**

A "final decree" is one which settles all matters in litigation between the parties and within the pleadings, so that an affirmance will end the suit, and leave nothing for the trial court to do, but to execute the decree.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426-428, 430, 431, 435–443; Dec. Dig. ☞76.

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**3. TIME ☞5—TO APPEAL—MONTHS.**

Act Cong. March 3, 1891, c. 517, § 11, 26 Stat. 829 (Comp. St. 1913, § 1647), provides that no appeal or writ of error, by which any order, judgment, or decree may be reviewed in the Circuit Court of Appeals, shall be taken or sued out, except within six months after the entry of the order, judgment, or decree sought to be reviewed. *Held* that, since a writ of error is not sued out or brought until it is actually filed with the clerk of the court rendering the judgment or decree sought to be reviewed, and the time begins to run on the day when the judgment or de-

cree is filed and entered, an appeal on December 12, 1914, from a decree entered June 12, 1914, was too late.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 5–8; Dec. Dig. ⊚⇒5.]

In Equity. Suit by H. E. Baxter, as trustee of J. A Harvey, bankrupt, against Bevil Phillips & Co. and others. On petition to allow an appeal and to issue a writ of error. Dismissed.

For former opinion, see 212 Fed. 340.

H. H. McClelland, of Mobile, Ala., for complainant.

R. P. Roach, of Mobile, Ala., for defendants.

TOULMIN, District Judge. In the case of Long v. Maxwell, reported in 59 Fed. 948, 8 C. C. A. 410, the court (Chief Justice Fuller writing the opinion) decided that a decree of July 20, 1891, was a final decree, terminating the litigation between the parties, and leaving nothing to be done, except to carry it into execution. The reservation for further directions simply related to such execution, and could not be availed of as rendering the decree less final, or leaving open points expressly decided when it was entertained. If the decree was erroneous, the proper mode of correction was by rehearing or appeal. The decree of July 20th granted the relief prayed, and directed specific performance, with costs.

On September 7, 1891, a motion was made for further time to the defendant to comply with the decree, and for an order of reference. The court said, in substance, that so far as the motion referred to the ascertainment of what, if any, amount of money was due, was a matter disposed of by the conclusion reached. After the lapse of more than a year from the time defendant's motion was made, the complainant moved for a decretal order to execute the decree, and that order, after hearing, was entered November 15, 1892. The order by its terms, was merely one in execution of the former decree, treating that as final. If an appeal had been taken from the decree of July 20, 1891, it could not have been sustained, as more than six months had expired from that date. Hill v. Chicago & E. R. Co., 140 U. S. 52, 11 Sup. Ct. 690, 35 L. Ed. 331.

The case of Long v. Maxwell, supra, is analogous to the case here under consideration, and in my opinion the decision cited is in point and applicable to it. The decree in this case of January 31, 1914, terminated the litigation between the parties to it. Said litigation arose by the complainant, as trustee of the bankrupt estate of one Harvey, claiming a sum of money due and payable by a fire insurance company under a policy of fire insurance on certain property belonging to the bankrupt, effected some time prior to the proceeding in bankruptcy, and which policy had been assigned by the bankrupt to Bevil Phillips & Co. as a pledge and security for money loaned to said Harvey at the time said loan and pledge were made. The property consisted of a storehouse and stock of goods. Subsequently the property was destroyed by fire. About 30 days thereafter Harvey went into bankruptcy. Bevil Phillips & Co., creditors of the bankrupt, made proof of the loss

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the property by fire, and claimed payment of the money due under the policy. Before the money was paid by the insurance company to Bevil Phillips & Co., complainant, Baxter, as trustee in bankruptcy of said Harvey, demanded of the insurance company payment of the money due on the policy to him as trustee aforesaid. In this condition of affairs the insurance company declined to pay the money to either claimant until the question as to who was entitled to the money was judicially determined. It was then agreed by all the parties that the amount due should be placed by said insurance company in the possession of R. T. Ervin, as stakeholder, to be held by him as such until the respective parties could, by a proper proceeding, bring the matter at issue between them before this court, and have the same determined by the court. The money was turned over to said R. T. Ervin accordingly.

[1] Under this agreement said Baxter, as trustee aforesaid, filed the bill in this cause against said Bevil Phillips & Co. and said R. T. Ervin. The cause came on to be heard, and was submitted for decree on the evidence and the law, which was fully argued by the respective counsel in the case. After due consideration of the same, the court rendered a decree in favor of Bevil Phillips & Co., dated January 31, 1914, which was duly entered on the records of the court. I consider said decree a final decree, terminating the litigation between the parties as to who owned the money, and leaving nothing to be done, except to carry said decree into execution.

The court in the decree ordered the defendant R. T. Ervin to pay out of the fund the cost in the case, and the balance thereof to pay over to Bevil Phillips & Co., or to their attorney. Some months thereafter the attorney of Bevil Phillips & Co., through counsel, informally notified the court that R. T. Ervin had not paid over the money to them, but asked no action by the court at that time. Subsequently he gave to the court similar information, but asked for no rule or order to said Ervin to show cause why he had not complied with the decree and order, but thereafter filed a motion for a decree for the specific amount due and for execution, which I considered a decretal order to execute the former decree.

[2] A final decree is one which settles all matters in litigation between the parties and involved by the pleadings, so that an affirmance by the appellate court will end the suit, and leave nothing for the lower court to do, but the execution of the decree of January 31, 1914, which has been done by the lower court's decree of June 12, 1914. Dainese v. Kendall, 119 U. S. 53, 54, 7 Sup. Ct. 65, 30 L. Ed. 305. Under this rule, the decree appealed from, being the last decree rendered in the case, was not final. The first decree, that of January 31, 1914, which settled all matters in litigation between the parties and involved by the pleadings, was final. If this decree was erroneous, the proper mode of correction was by rehearing or appeal.

[3] Now let us consider whether an appeal may be taken on December 12, 1914, from a decree entered on June 12, 1914, to be reviewed in the Circuit Court of Appeals, under the provisions of Act March 3, 1891, § 11 (Comp. Stat. 1913, § 1647). The provision is that:

"No appeal or writ of error by which any order, judgment, or decree may be reviewed in the Circuit Court of Appeals under the provisions of this

act shall be taken or sued out, except within six months after the entry, of the order, judgment, or decree sought to be reviewed."

The statute does not say within six months after the day or date of the *entry* of the order, judgment, or decree on the records of the court. In re McCall, 145 Fed. 898–901, 76 C. C. A. 430; Clark v. Doerr, 143 Fed. 960, 75 C. C. A. 146; Collier on Bankruptcy (9th Ed.) 541. The writ of error is not sued out or brought until the writ is actually filed with the clerk of the court which rendered the judgment or decree sought to be reviewed. It is the filing of the writ that removes the record from the inferior court to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly. Kentucky Coal, Timber, Oil & Land Co. v. Howes, 153 Fed. 163, 82 C. C. A. 337.

The United States Supreme Court has held that the day the judgment is filed and entered is the day on which the plaintiff in error had a right to his writ, and on that day the limitation for writs of error, as provided by the statute, began to run within which his right existed. Polleys v. Black River Imp. Co., 113 U. S. 81, 83, 5 Sup. Ct. 369, 28 L. Ed. 938. The United States Supreme Court has held that:

"A writ of error is not brought in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly."

The act provides that no appeal or writ of error shall be taken or sued out, except within six months after the entry of the order, judgment, or decree sought to be reviewed. Act March 3, 1891, § 11, 26 Stat. 826, 829; Old Nick Williams Co. v. U. S., 215 U. S. 543, 544, 30 Sup. Ct. 222, 54 L. Ed. 318, citing Conboy v. First Nat. Bank, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128, to the effect that the time within which an appeal may be taken under the Bankruptcy Act runs from the entry of the original judgment or decree.

The court denies the petition of the complainant to allow an appeal to be taken in this cause to the United States Circuit Court of Appeals for the Fifth Circuit, and to issue a writ of error therein, because the court is of opinion that the original decree herein was a final decree in the cause, and further that the time limit within which an appeal or writ of error could have been taken or issued from either of the decrees entered in this cause had expired; the decrees having been entered on January 31, 1914, and June 12, 1914, respectively, and the petition for the appeal having been presented December 12, 1914.

Petition is dismissed.