LARSON et al., Respondents, v. BAYSORE, Appellant.

(176 N. W. 515.)

(File No. 4637. Opinion filed February 19, 1920. Rehearing denied March 26, 1920.)

1. Appeals—Appeal From Municipal to Circuit Court After Thirty Days—Futility—Statute Construed.

Where notice of appeal from a judgment rendered in the municipal court of Sioux Falls, was served nearly four months after entry of judgment, held, the appeal was futile, since under provisions of Laws 1919, Ch. 279, such appeals are governed by laws providing for appeals from justice courts, and must be taken within thirty days after judgment entered.

2. Appeals—Appeal After Time—Respondents' Admission of "Due and Timely Service" of Appeal Notice, Whether Estoppel to Question Appellate Jurisdiction.

The fact that respondents admitted "due, personal, and timely service" of notice of appeal after statutory period of appeal had expired, did not estop them to question jurisdiction of circuit court appeal.

3. **Appeals—Based on Statute, Conformity Thereto Required—Time for Appeal, Non-waiver by Admission or Stipulation.**

Appeals can be taken only because allowed by statute, and must be taken in manner and time provided by statute, and time cannot be waived nor enlarged by admission of service or by stipulation after time for appeal has expired.

4. **Appeals—Untimely Appeal—Well Settled Rule, Effect Re Costs— Damage for Delay—Statute.**

The rule of practice re timely appeals, and non-waiver of time by admission of service or stipulation of counsel being so well settled, held, present appeal was taken for delay only; and respondent is awarded $15 damages for delay (Sec. 2601, Rev. Code 1919.)

Action by Oscar Larson and others against F. R. Baysore, to recover a money judgment. From an order of the circuit court dismissing an appeal from the municipal court of Sioux Falls, defendant appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Davis, Lyon & Bradford,* for Respondent.

POLLEY, J.  This action originated in the municipal court of Sioux Falls, and the amount sued for was $210.85. Judgment for plaintiffs in the sum of $150 and costs was entered, and notice of the entry thereof was served on the defendant, on the 6th day of March, 1919.  On the 2d day of July next following defendant served upon plaintiffs a notice of appeal from said judgment, appealing to the circuit court of Minnehaha county.  Thereafter, on the 11th day of August, 1919, upon return of an order to show cause. said circuit court made and entered an order dismissing said attempted appeal.  From this order, defendant appeals to this court.

[1]  In their brief counsel for appellant contend: First, that this appeal is proper under chapter 279, Laws 1919.  In this contention counsel are clearly wrong.  Under the provisions of chapter 279, Laws of 1919, appeals from the municipal court to the circuit court are governed by the law providing for appeals from justice courts, and must be taken within 30 days after the entry of the judgment appealed from.  Therefore the time for taking the appeal in this case had expired nearly three

months before the notice of appeal was served, and before chapter 279, Laws 1919, went into effect.

[2] Appellant's second proposition is that counsel for respondents admitted "due, personal, and timely service" of the notice of appeal, and therefore "are estopped to question the jurisdiction of the circuit court to hear the appeal." This contention is equally without merit. The case of Mann v. Hvammen, 32 S. D. 596, 144 N. W. 130, cited and relied upon by appellant, is not in point. In that case the court held that a party who had appealed to the circuit court and demanded a new trial therein had thereby invoked the original jurisdiction of that court was estopped to question the right of such court to exercise its original jurisdiction. The time or manner of taking the appeal was not involved.

Appeals can be taken only because allowed by statute, and must be taken in the manner and within the time provided by statute, and the time cannot be waived nor enlarged by an admission of service after the time for taking an appeal has expired, nor by stipulation of counsel. Brooks v. Bigelow, 9 S. D. 179, 68 N. W. 286; Goldstreet v. Newton, 2 Dak. 39, 3 N. W. 311, 8 N. W. 139; Hoffman v. Bank, 4 N. D. 473, 61 N. W. 1031; Clark v. Doerr, 143 Fed. 960, 75 C. C. A. 146; Glick v. Lowe, 63 Kan. 160, 65 Pac. 231; Clark v. Morgan et al., 21 Neb. 673, 33 N. W. 245; Chamberlain v. Hedger, 10 S. D. 290, 73 N. W. 75; Surety Co. v. Cranmer, 27 S. D. 515, 131 N. W. 864.

In view of the fact that the above rule is so well settled and has been so often announced by this and other courts, we believe this appeal could have been taken for no other purpose than to delay execution of the judgment in the municipal court, and the respondents will be awarded $15 damages for such delay, which sum will be taxed by the clerk of this court under the provisions of section 2601, Rev. Code 1919.

The order appealed from is affirmed.