## BOATMEN'S BANK v. ATCHISON, T. & S. F. RY. CO.*

(Circuit Court of Appeals, Eighth Circuit. December 5, 1924.)

No. 6532.

**Appeal and error** ⊂⊃353, 354—**Time for filing writ of error cannot be extended by nunc pro tunc order or by consent.**

The trial court is without power by a nunc pro tunc order to extend the statutory time for filing a petition for writ of error and assignment of errors with the clerk, nor can it be extended by consent.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action at law by the Boatmen's Bank against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and plaintiff brings error. Dismissed.

J. L. London and Walter H. Saunders, both of St. Louis, Mo. (Sears Lehmann, Leahy, Saunders & Walther, and Lehmann

*Rehearing denied February 5, 1925.

& Lehmann, all of St. Louis, Mo., on the brief), for plaintiff in error.

Homer W. Davis, of Chicago, Ill., and Cyrus Crane, of Kansas City, Mo. (Homer Hall, of St. Louis, Mo., and Gardiner Lathrop, of Chicago, Ill., on the brief), for defendant in error.

Before STONE and KENYON, Circuit Judges, and KENNEDY, District Judge.

STONE, Circuit Judge. This is a writ of error from a judgment on verdict in favor of defendant in a suit upon a warranty. The judgment was entered February 1, 1923. A motion for new trial was overruled March 5, 1923. The time for suing out writ of error expired September 4, 1923. The petition for writ of error, the assignment of errors and the bond thereon were all filed upon October 17. The filing mark on all of these papers was "Filed Oct. 17th, 1923, nunc pro tunc as of Sept. 4th, 1923." Upon October 17, 1923, an order allowing the writ was made, the record entry being as follows: "And thereafter, to wit: On October 17, 1923, nunc pro tunc as of September 4, 1923, the following among other proceedings were had and appear of record in said cause, to wit: Order allowing writ of error, etc., September 4, 1923."

The writ of error is witnessed as follows: "Witness, the Honorable C. B. Faris, Judge of the District Courts of the United States within and for the Eastern District of Missouri, this 16th day of October, in the year of our Lord one thousand nine hundred and twenty-three, but same is allowed nunc pro tunc, as of the 4th day of September, 1923, as per stipulation filed herein."

From the foregoing, it is clear that this court has no jurisdiction of this writ of error unless the trial court has power through a nunc pro tunc order to extend statutory time for filing with the clerk of the trial court the petition for a writ and the assignment of errors. This time cannot be extended by consent. Clark v. Doerr, 143 F. 960, 75 C. C. A. 146 (5th C. C. A.). Hence, the stipulation upon which the nunc pro tunc order seems to have been based can be of no avail. That such time cannot be extended by nunc pro tunc order is directly held in Credit Co. v. Ark. Central Ry. Co., 128 U. S. 258, 9 S. Ct. 107, 32 L. Ed. 448. And this decision has been further approved in Old Nick Williams Co. v. United States, 215 U. S. 541, 544, 30 S. Ct. 221, 54 L. Ed. 318.

For want of jurisdiction, the writ of error should be and is dismissed.